**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ISAIAH S. KYLES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-03474 |
| ALLTRAN EDUCATION, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ISAIAH S. KYLES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ALLTRAN EDUCATION, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Northern District of Illinois, conducts business within the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4.   Plaintiff is a 24 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Chicago, Illinois, which lies within the Northern District of Illinois.

5.   Defendant is a collection agency that provides "revenue cycle management and contact services to support businesses in four main industries" – including the education industry.[1] Upon information and belief, Defendant is a subsidiary of URS Management Services, Inc. ("URS"), and operates as URS's debt collection arm focusing on the education industry. Defendant is a corporation organized under the laws of the state of Illinois whose registered agent for process in Illinois is C T Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   The instant action arises out of the nature of Defendant's attempts to collect upon a past due student loan debt ("subject debt") said to be owed by Plaintiff.

9.   The subject debt stems from student loans Plaintiff received several years ago in connection with his education at the University of Illinois.

10.   After Plaintiff defaulted on his payments in connection with the subject debt, the debt was subsequently transferred or otherwise turned over to Defendant for collection purposes.

---

[1] http://alltran.com/

11.   In approximately late spring/early summer 2018, Plaintiff entered into an agreement with Defendant wherein Plaintiff would make $50.00 monthly payments towards the subject debt.

12.   Around that time, the balance of the subject debt totaled $4,590.32.

13.   This balance was comprised of $3,000.00 in principal, $240.77 in interest, $1,331.55 in collection costs, and an additional $18.00 in fees and "other non-collection charges."

14.   On or about July 26, 2018, Defendant sent Plaintiff a correspondence, outlining the then-existing balance of the subject debt and confirming Plaintiff's $50.00 payment to be made that month.

15.   After making payments on the subject debt for months, Plaintiff attempted to work with Defendant in an effort to negotiate a reduced balance.

16.   In response to Plaintiff's efforts to negotiate, Defendant advised that Plaintiff need only pay the $3,000.00 principal in order to consider the subject debt settled.

17.   However, after making this representation to Plaintiff, Defendant backtracked and told Plaintiff that the only way he could reduce what he owes was for Plaintiff to seek approval from the original creditor.

18.   Plaintiff subsequently reached out to the original creditor of the subject debt regarding seeking a reduced balance.

19.   The original creditor advised Plaintiff that any decisions about seeking a reduced balance had to be made by Defendant, not the original creditor.

20.   Plaintiff then spoke further with Defendant, during which time Plaintiff told Defendant that the original creditor advised that Defendant was the entity that could approve a reduced balance.

21.   Defendant reiterated that such approval had to come from the original creditor.

22. Plaintiff then offered to conference call in the original creditor during his call with Defendant so that the parties could address the issue then.

23. However, Defendant's representative hung up the phone in response to Plaintiff's suggestion.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenditure of assets.

25. Plaintiff has been unfairly and unnecessarily misled as to his options to go about addressing the subject debt as a result of Defendant's conduct.

26. Plaintiff has further suffered a violation of his federally protected interests given Defendant's false and misleading representations. Defendant's conduct: misled and misrepresented Plaintiff's options to go about addressing the subject debt, misled Plaintiff as to the nature of the role of the original creditor as it relates to the subject debt, and misled Plaintiff as to Defendant role as it relates to the subject debt and how such role impacts its dealings with Plaintiff.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

4

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt."
> 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated § 1692e and e(10) when it falsely and deceptively represented that Plaintiff could pay only the $3,000.00 principal of the subject debt in order to resolve the account. Defendant's representation was demonstrably false, as Defendant subsequently backtracked and (falsely) informed Plaintiff that the original creditor would need to approve any reduction. Defendant's initial suggestion that Plaintiff need only pay the principal of the subject debt was a deceptive and misleading representation designed to foster good will with Plaintiff, hoping such good will would translate towards increased payments from Plaintiff.

35. Defendant further violated § 1692e, e(2)(A), and e(10) when it falsely, deceptively, and misleading informed Plaintiff that his ability to pay only the principal of the subject debt had to be determined by the original creditor. The original creditor itself informed Plaintiff that Defendant would be the entity that would approve such a reduction in the overall balance of the debt, illustrating the falsity of Defendant's representation. Defendant's misrepresentation in this regard was designed to compel Plaintiff to continue making his payments on the subject debt, while

simultaneously seeking to maintain good will with Plaintiff by pinning its seeming inability to negotiate a reduced balance on a different party.

### b. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated § 1692f when it unfairly misrepresented its own ability to offer Plaintiff a reduced balance. By falsely representing that any approval for a reduced balance had to be made by the original creditor, Defendant unfairly sought to compel Plaintiff to continue making his payments to Defendant, lest Plaintiff become upset by the truth – that Defendant was unwilling to offer Plaintiff a reduced balance. Fearing that any perceived unwillingness to negotiate would be detrimental to its collection efforts, Defendant unconscionably obfuscated its ability to offer that which Plaintiff sought.

38. Defendant further violated §1692f when it unfairly refused to work with Plaintiff to clear up the confusion created by its contradictory representations. It was unfair for Defendant to, after making misrepresentations as to Plaintiff's ability to seek a reduced judgment, refuse to work with Plaintiff to go about clearing up the confusion created by its conduct. Rather than subject itself to having to answer for its misrepresentations, Defendant unfairly hung up the phone on Plaintiff and refused to help Plaintiff address his issues with Defendant's collection efforts.

39. As pled in paragraphs 24 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ISAIAH S. KYLES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: May 23, 2019                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                            Counsel for Plaintiff
Admitted in the Northern District of Illinois    Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                           (630) 581-5858 (phone)
(630) 575-8188 (fax)                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com